UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HOLT TUCKER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BRIAN KWAN, M.D., and<br>GABRIEL WARDI, M.D.,<br><br>　　　　　　　　　Defendants. | Case No.: 24-CV-1830 TWR (BJC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>(ECF Nos. 1, 2) |

　　　　Presently before the Court are Plaintiff Rodney Holt Tucker's Complaint for a Civil Case ("Compl.," ECF No. 1) against Defendants Brian Kwan, M.D., and Gabriel Wardi, M.D., and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Plaintiff generally alleges that Defendants failed to provide him adequate medical treatment, (*see generally* Compl.), and therefore seeks $250 million in compensation for personal injury and medical malpractice. (*See id.* at 7; *see also* ECF No. 1-1 (Civil Cover Sheet).) For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP Motion but **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction.

/ / /

/ / /

## AMENDED MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $405.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed *in forma pauperis* ("IFP") by submitting an affidavit demonstrating the fees impose financial hardship.  *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff's amended affidavit indicates that he receives $569 per month in public assistance, (*see* IFP Mot. at 2); spends $391 per month on food and clothing, (*see id.* at 4); and is presently unhoused.  (*See id.* at 5.)  Because Plaintiff adequately demonstrates that he cannot pay the $405 filing fee and still afford the necessities of life, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2).

## *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

1  *Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim").  As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (first citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); then citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(b)(3).

Here, Plaintiff alleges that the basis for this Court's jurisdiction is that the U.S. Government is a defendant.  (*See* Compl. at 3.)  Plaintiff also alleges, however, that Defendants Drs. Kwan and Wardi are doctors who treated him at UCSD's Emergency Department in Hillcrest, (*see id.* at 2, 5), which is state rather than federal institution.  *See* Cal. Const. art. 9 § 9.  The Court therefore does not have jurisdiction under 28 U.S.C. § 1346.  Nor does it appear that the Court would have jurisdiction under 28 U.S.C. §§ 1331 or 1332, which give federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States," respectively.  Regarding federal-question jurisdiction, although Plaintiff indicates on his Civil Cover Sheet that the nature of this suit is for "Personal Injury – Medical Malpractice" arising under the "Medicare Act," (*see* ECF No. 1-1), "a private

cause of action does not exist under [the Medicare and Medicaid] Acts for medical malpractice." *See Zuurveen ex rel. Zuurveen v. L.A. Cnty. Dep't of Health Servs.*, No. CV 22-1912 JAK (PVC), 2022 WL 14966244, at *5 (C.D. Cal. Sept. 28) (collecting cases), *report and recommendation adopted*, 2022 WL 15173401 (C.D. Cal. Oct. 24, 2022). Further, "if [Plaintiff] was merely a patient who voluntarily sought medical care at a facility that happened to be operated by a local governmental agency . . . , the hospital's failure to provide adequate medical care does not implicate the federal constitution." *See id.* at *6. As for diversity jurisdiction, Plaintiff concedes that he and defendants are citizens of California such that there is no diversity of citizenship.  (*See* ECF No. 1-1.)  Even construing Plaintiff's Complaint liberally, the Court can see no proper basis for exercise of its limited jurisdiction here.

Although the Court is sympathetic to Plaintiff's medical condition and concerns, this Court simply is not the proper forum for Plaintiff's Complaint.  The Court therefore **DISMISSES** Plaintiff's Complaint (ECF No. 1) for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2) and **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction **WITHOUT LEAVE TO AMEND** but **WITHOUT PREJUDICE** to Plaintiff refiling his claims in the Superior Court of California, County of San Diego.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 11, 2024

_____
Honorable Todd W. Robinson
United States District Judge